# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00070-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THOMAS LESTER KETELSEN, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion challenging the decision of the Bureau of Prisons (BOP) to place him on "refuse status" based upon his failure to participate in the Inmate Financial Responsibility Program (IFRP). [Doc. 43].

As the Court has noted previously [Doc. 40], the BOP has the authority to place the Defendant in the IFRP based on the wording contained in the Criminal Judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding his designation by BOP due to his lack of participation in the IFRP, the Defendant must first exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark,

166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, the Defendant may challenge his designation only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion challenging the BOP's decision to place him on "refuse status" based upon his failure to participate in the IFRP [Doc. 43], is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 18, 2018

Martin Reidinger
United States District Judge